### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **TANJA WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| **TAYLOR FUNERAL HOME, LTD.** and | ) | |
| **NICHOLAS TAYLOR,** | ) | |
| | ) | |
| **Defendants.** | ) | **Jury Demanded** |

### COMPLAINT

Plaintiff Tanja White ("Tanja"), pursuant to the Fair Labor Standards Act, 29 U.S.C.

§ 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"),

the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), and the

Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*, complains of defendants Taylor Funeral

Home, Ltd. ("Taylor Funeral Home") and Nicholas Taylor ("Nicholas"), for:

    a.    Nicholas' sexual harassment of Tanja, his niece;

    b.    Maintaining a hostile environment due to sexual harassment; and

    c.    Retaliation for complaining about and objecting to sexual harassment in the form
of harassment and withholding Tanja's wages which she earned as their
employee.

Defendants' withholding of Tanja's wages constitutes separate, independent violations of State

and federal statutes.

**Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1367 (supplemental jurisdiction); The Illinois Human Rights Act 775 ILCS 5/1-101 *et seq*. ("IHRA") and 29 U.S.C. § 216(b) (FLSA).

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue, generally); and 29 U.S.C. § 216(b) (FLSA). The parties reside and do business in this District and the acts and transactions giving rise to the alleged causes of action occurred within this District §775 ILCS 5/8-111, 28 U.S.C.§1391(c)

**Procedural Prerequisites**

3.      Tanja filed charges of discrimination in the Illinois Department of Human Rights against Taylor Funeral Home (IDHR Charge No. 2025CN0139) and Nicholas (IDHR Charge No. 2025CN0140 on August 6, 2024. Exhibits 1 and 2 to this Complaint, respectively.

4.      On June 17, 2025, the Illinois Department of Human Rights issued Notices of Substantial Evidence with regard to the charges against Taylor Funeral Homes and Nicholas, on all three Issue/Basis raised in each charge. Exhibits 3 and 4, respectively.

**Parties**

5.      Plaintiff Tanja is Taylor Funeral Home's employee.

6.      Tanja was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act 775 ILCS 5/2-101.

7.      Defendant Taylor Funeral Home is an Illinois corporation providing funeral home services in Chicago, Illinois.

2

8.      At all times relevant hereto, Taylor Funeral Home was an employer within the meaning of the Illinois Human Rights Act. 775 ILCS 5/2-101(B)(1)(b).

9.      Defendant Nicholas is president and owner of defendant Taylor Funeral Home, which he co-owns with his sister, Margo White ("Margo"). Nicholas is plaintiff Tanja's uncle, and Margo, Taylor Funeral Home's administrator, is her mother.

10.     At all times relevant hereto, Nicholas was an employer within the meaning of 775 ILCS 5/2-101(B)(1)(b) of the Illinois Human Rights Act.

11.     Taylor Funeral Home is a family business founded in 1963, which employs and has employed several family members over time.

12.     Growing up, Tanja worked in Taylor Funeral Home for years before moving to Las Vegas.

13.     Tanja returned to Chicago at the request of the owners, her now-deceased grandparents, and became re-employed at Taylor Funeral Home in January 2022.

14.     Tanja performed various administrative duties under the direct supervision of her mother, Margo White, including accounting, recordkeeping, communicating with clients, preparing for and participating in staff meetings, securing appointments, and orienting new employees.

**Nicholas Sexually Harassed Tanja, His Niece**

15.     Beginning with her return to Taylor Funeral Home and continuing until 2024, Nicholas regularly and repeatedly subjected Tanja to sexual harassment, including but not limited to:

a.      repeatedly professing his love for her;

b.      texting her kissing emoji's on her cell phone;

c. commenting on her appearance and clothing;

d. giving her flowers;

e. repeatedly asking her whereabouts outside of work;

f. trying to be near her;

g. trying to be alone with her;

h. telling her she was meant to be his wife;

i. repeatedly asking why they could not be an item;

j. repeatedly stating "I need you and I can't do this without you;"

k. hugging her;

l. trying to kiss her;

m. rubbing her back and neck;

n. claiming she belonged to him;

o. calling her terms of endearment such as "baby", "my dearest"," my beautiful niece", "my love" and "precious;"

p. telling her "you know you're ruining what God did for us? I need you. We're a team;"

q. telling Tanja he was "praying for a wife and God sent her to answer his prayers;"

r. putting his arms around her from behind; and

s. telling her he needed her.

16. Nicholas' advances were not welcome. Tanja told him to stop.

17. Tanja complained to Nicholas about his behavior on multiple occasions including but not limited to in January 2022, May 2022, December 2022, January 2023 and March through

May 22, 2024. She ultimately complained to Margo in January 2023, and obtained an order of protection against him in the Circuit Court of Cook County.

### Nicholas Retaliated Against Tanja

18.     Nicholas was furious that Tanja had complained, and he retaliated against her.

19.     In January 2023, Nicholas hostilely confronted Tanja about telling others about his advances.

20.     In 2024, Nicholas told Tanja, "You know you're ruining what God did for us? I need you. We're a team."

21.     Nicholas would not respond to Tanja's business related inquiries.

22.     Nicholas continued to text her in violation of the order of protection.

23.     Between October 2023 and August 2024, Nicholas assaulted and threatened Tanja's sister Corteney, who also worked for Taylor Funeral Home, because he suspected that she had influenced Tanja. Corteney also obtained an order of protection against Nicholas.

24.     From time to time, Nicholas caused Taylor Funeral Home to withhold Tanja's salary.

25.     Nicholas withheld Tanja' salary, with very few exceptions, throughout 2023 and until May 2024, when Tanja obtained the order of protection.

26.     On at least three separate occasions since May 2024, Nicholas withheld Tanja's salary for a week at a time.

27.     Because Taylor Funeral Home is a family business co-owned by her mother, Tanja continued to work for the business despite the withholding of her pay.

28.     Nicholas and Taylor Funeral Home continues to accept the services provided by Tanja.

## Count 1 – Against Taylor Funeral Home
## FLSA – Minimum Wage Violation

Paragraphs 1 through 28 are incorporated by reference.

29.     Tanja, while working for Taylor Funeral Home, was engaged in commerce, within the meaning of the FLSA. 29 U.S.C. §§ 203(b).

30.     Tanja, while working for Taylor Funeral Home, was employed in an enterprise engaged in commerce, within the meaning of the FLSA. 29 U.S.C. §§ 203(r).

31.     The FLSA required Taylor Funeral Home, Tanja's employer, to pay her a minimum wage of $7.25 per hour. 29 U.S.C. § 206.

32.     Taylor Funeral Home failed to pay Tanja for entire workweeks during 2023 and 2024, in violation of the FLSA.

33.     As the direct result of Taylor Funeral Home's violation of the FLSA, Tanja suffered damages in the form of lost compensation.

## Count 2 - Against Nicholas
## FLSA – Minimum Wage Violation

Paragraphs 1 through 28 are incorporated by reference.

34.     Tanja, while working for Taylor Funeral Home, was engaged in commerce, within the meaning of the FLSA. 29 U.S.C. §§ 203(b).

35.     Tanja, while working for Taylor Funeral Home, was employed in an enterprise engaged in commerce, within the meaning of the FLSA. 29 U.S.C. §§ 203(r).

36.     The FLSA definition of "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employer. 29 U.S.C. § 203(d).

37.     Nicholas was Tanja's employer within the meaning of the FLSA.

38.     The FLSA required Nicholas, Tanja's employer, to cause Taylor Funeral Home to pay her a minimum wage of $7.25 per hour. 29 U.S.C. § 206.

39.     Nicholas caused Taylor Funeral Home to withhold Tanja's wages for entire work weeks during 2023 and 2024, in violation of the FLSA.

40.     As the direct result of Nicholas' violation of the FLSA, Tanja suffered damages in the form of lost compensation.

**Count 3 – Against Taylor Funeral Home**
**IMWL – Minimum Wage Violation**

Paragraphs 1 through 28 are incorporated by reference.

41.     Taylor Funeral Home was Tanja's employer, and Tanja was Taylor Funeral Home's employee, as defined in the IMWL. 820 ILCS 105/3(c), (d).

42.     The IMWL required Taylor Funeral Home, Tanja's employer, to pay her a minimum wage of $13.00 per hour for work in 2023, and $14.00 per hour for work in 2024. 820 ILCS 105(4)(a)(1).

43.     Taylor Funeral Home failed to pay Tanja for entire workweeks during 2023 and 2024, in violation of the IMWL.

44.     As the direct result of Taylor Funeral Home's violation of the IMWL, Tanja suffered damages in the form of lost compensation.

**Count 4 – Against Nicholas**
**IMWL – Minimum Wage Violation**

Paragraphs 1 through 28 are incorporated by reference.

45.     The definition of "employer" in the IMWL includes "any person acting directly or indirectly in the interest of an employer in relation to an employer." 820 ILCS 105/3(d).

46.     Nicholas was Tanja's employer within the meaning of the IMWL.

7

47.     The IMWL required Nicholas, Tanja's employer, to cause Taylor Funeral Home to pay her a minimum wage of $13.00 per hour for work in 2023, and $14.00 per hour for work in 2024. 820 ILCS 105(4)(a)(1).

48.     Nicholas caused Taylor Funeral Home to withhold Tanja's wages for entire workweeks during 2023 and 2024, in violation of the IMWL.

49.     As the direct result of Nicholas' violation of the IMWL, Tanja suffered damages in the form of lost compensation.

### Count 5 – Against Taylor Funeral Home
### IWPCA – Failure to Pay Wages

Paragraphs 1 through 28 are incorporated by reference.

50.     Taylor Funeral Home was Tanja's employer and Tanja was Taylor Funeral Home's employee, as defined in the IWPCA. 820 ILCS 115/2.

51.     Taylor Funeral Home, by its agents Nicholas Taylor and Margo White, agreed to pay a salary to Tanja in exchange for her services to Taylor Funeral Home.

52.     The IWPCA requires Taylor Funeral Home to pay Tanja's wages every two weeks. 820 ILCS 115/2.

53.     Taylor Funeral Home failed to pay Tanja's salary for most of 2023 and part of 2024.

54.     Taylor Funeral Home violated the IWPCA by failing to pay Tanja her salary.

55.     As the direct result of Taylor Funeral Home's violation of the IWPCA, White suffered damages in the form of lost compensation.

### Count 6 – Against Nicholas
### IWPCA – Failure to Pay Wages

Paragraphs 1 through 28 are incorporated by reference.

8

56.     The definition of "employer" in the IWPCA includes "any person acting directly or indirectly in the interest of an employer in relation to an employer." 820 ILCS 115/2.

57.     Nicholas was Tanja's employer and Tanja was Nicholas' employee, as defined in the IWPCA. 820 ILCS 115/2.

58.     Taylor Funeral Home, by its agents Nicholas Taylor and Margo Taylor, agreed to pay a salary to Tanja in exchange for her services to Taylor Funeral Home.

59.     The IWPCA required Taylor Funeral Home to pay Tanja's wages every two weeks. 820 ILCS 115/2.

60.     Nicholas withheld Tanja's salary for most of 2023 and part of 2024.

61.     Nicholas violated the IWPCA by causing Taylor Funeral Home to withhold Tanja's salary.

62.     As the direct result of Nicholas' violation of the IWPCA, Tanja suffered damages in the form of lost compensation.

### Count 7 – Against Taylor Funeral Home
### IHRA – Sexual Harassment
### (775 ILCS5/2-101 et. seq.)

Paragraphs 1 through 28 are incorporated by reference.

63.     Taylor Funeral Home was Tanja's "employer" and Tanja was Taylor Funeral Home's "employee" within the meaning of the IHRA. 775 ILCS 5/2-201(A)(1), (B).

64.     Taylor Funeral Home by its owner, agent, and employee, engaged in sexual harassment of Tanja, maliciously and with reckless indifference to her rights, under the Illinois Human Rights Act 775 ILCS 5/1-101 et. seq.

9

65. Pursuant to the IHRA, it is a civil rights violation for an employer who knows about the illegal sexual harassment of an employee not to take reasonable corrective measures. 775 ILCS 5/2-102.

66. The IHRA defines "sexual harassment" as:

> [A]ny unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

775 ILCS 5/2-201(E).

67. Nicholas sexually harassed Tanja within the meaning of the IHRA.

68. Nicholas' sexual harassment of Tanja violated the IHRA.

69. Taylor Funeral Homes' failure to take reasonable corrective measures with regard to Nicholas' sexual harassment of Tanja was a civil rights violation under the IHRA.

70. Tanja never welcomed any of the acts of sexual harassment committed by Nicholas Taylor.

71. The aforementioned treatment of Tanja was because of her sex, female, in violation of the Illinois Human Rights Act. 775 ILCS 5/2-102.

72. As the direct result of Taylor Funeral Homes' violation of the IHRA, Tanja suffered pain and suffering, humiliation, severe emotional distress, and the loss of enjoyment of life.

## Count 8 – Against Nicholas
## Sexual Harassment
## Illinois Human Rights Act
## (775 ILCS5/2-101 et. seq.)

Paragraphs 1 through 28 are incorporated by reference.

73.     Taylor Funeral Home was Tanja's "employer" and Tanja was Taylor Funeral Home's "employee" within the meaning of the IHRA. 775 ILCS 5/2-201(A)(1), (B).

74.     Taylor Funeral Home by its owner, agent, and employee, engaged in sexual harassment of Tanja maliciously and with reckless indifference to her rights under the Illinois Human Rights Act. 775 ILCS 5/1-101 et. seq.

75.      Pursuant to the IHRA, it is a civil rights violation "For any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment…." 775 ILCS 5/2-102(D).

76.     The IHRA defines "sexual harassment" as:

> [A]ny unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

775 ILCS 5/2-201(E).

77.     Nicholas was an agent of Taylor Funeral Homes.

78.     Nicholas sexually harassed Tanja within the meaning of the IHRA.

79.     Nicholas' sexual harassment of Tanja violated the IHRA.

80.     Tanja never welcomed any of the acts of sexual harassment committed by Nicholas Taylor.

81.     The aforementioned treatment of Tanja was because of her sex, female, in
violation of the Illinois Human Rights Act. 775 ILCS 5/2-102.

82.     As the direct result of Nicholas' violation of the IHRA, Tanja suffered pain and
suffering, humiliation, severe emotional distress, and the loss of enjoyment of life.

**Count 9 – Against Taylor Funeral Home**
**Retaliation For Opposing Sexual Harassment - Harassment**
**Illinois Human Rights Act**
**(775 ILCS 5/2-101 et. seq.)**

Paragraphs 1 through 28 are incorporated by reference.

83.     Tanja was an "employee" within the scope of the definition set forth under the
Illinois Human Rights Act 775 ILCS 5/2/-101.

84.     Taylor Funeral Home was Tanja's "employer" and Tanja was Taylor Funeral
Home's "employee" within the meaning of the IHRA. 775 ILCS 5/2-201(A)(1), (B).

85.     Nicholas was Taylor's "employer" within the scope of the definition set forth
under the Illinois Human Rights Act. 775 ILCS 5/2-101(B)(1)(b).

86.     Pursuant to the IHRA, it is a civil rights violation for a person to retaliate against
another person for opposing or reporting sexual harassment in the workplace. 775 ILCS 5/6-
101(A).

87.     Tanja's opposition to and objection about the afore-said remarks, comments and
conduct were protected activities within the meaning of the Illinois Human Rights Act.

88.      Nicholas retaliated against Tanja because she opposed Nicholas' sexual
harassment in the workplace and reported it to Margo.

89.     Nicholas retaliated against Tanja by further harassing her.

90.     Defendants' stated reasons for the actions taken against Tanja were pretextual.

91.     Taylor Funeral Homes retaliated against Tanja because as a matter of law, it knew that Nicholas was retaliating against Tanja and failed to take reasonable corrective measures.

92.     Taylor Funeral Homes' retaliation against Tanja violated the IHRA.

93.     The remarks and conduct directed toward Tanja were done with malice or reckless indifference in violation of her rights pursuant to 775 ILCS 5/6-101 (A).

94.     As the direct result of Taylor Funeral Homes' violation of the IHRA, Tanja suffered damages pain and suffering, humiliation, severe emotional distress, and the loss of enjoyment of life.

### Count 10 – Against Nicholas
### Retaliation For Opposing Sexual Harassment – Harassment
### Illinois Human Rights Act
### (775 ILCS 5/2-101 et. seq.)

Paragraphs 1 through 28 are incorporated by reference.

93.     Tanja was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act 775 ILCS 5/2/-101.

94.     Taylor Funeral Home was Tanja's "employer" and Tanja was Taylor Funeral Home's "employee" within the meaning of the IHRA. 775 ILCS 5/2-201(A)(1), (B).

95.     Nicholas was Tanja's "employer" within the scope of the definition set forth under the Illinois Human Rights Act 775 ILCS 5/2-101(B)(1)(b)

96.     Pursuant to the IHRA, it is a civil rights violation for a person to retaliate against another person for opposing or reporting sexual harassment in the workplace. 775 ILCS 5/6-101(A).

97.     Tanja's opposition to and objection about the afore-said remarks, comments and conduct were protected activities within the meaning of the Illinois Human Rights Act.

13

98.     Nicholas retaliated against Tanja because she opposed Nicholas'

sexual harassment in the workplace and reported it to Margo.

99.     Nicholas retaliated against Tanja by further harassing her.

100.    Defendants' stated reasons for the actions taken against Tanja were pretextual.

101.    Nicholas' retaliation against Tanja violated the IHRA.

102.    The remarks and conduct directed toward Tanja were done with malice or

reckless indifference in violation of her rights. 775 ILCS 5/6 -101 (A).

103.    As the direct result of Nicholas' violation of the IHRA, Tanja suffered

pain and suffering, humiliation, severe emotional distress, and the loss of enjoyment

of life.

**Count 11 – Against Taylor Funeral Home**
**IHRA – Retaliation – Failure To Compensate**
**Illinois Human Rights Act**
**(775 ILCS 5/2-101 et. seq.)**

Paragraphs 1 through 28 are incorporated by reference.

104.    Tanja was an "employee" within the scope of the definition set forth under the

Illinois Human Rights Act 775 ILCS 5/2/-101.

105.    Taylor Funeral Home was Tanja's "employer" and Tanja was Taylor Funeral

Home's "employee" within the meaning of the IHRA. 775 ILCS 5/2-201(A)(1), (B).

106.    Nicholas was Tanja's "employer" within the scope of the definition set forth

under the Illinois Human Rights Act 775 ILCS 5/2-101(B)(1)(b)

107.     Pursuant to the IHRA, it is a civil rights violation for a person to retaliate against

another person for opposing or reporting sexual harassment in the workplace. 775 ILCS 5/6-

101(A).

108.     Tanja's opposition to and objection about the afore-said remarks, comments and conduct were protected activities within the meaning of the Illinois Human Rights Act.

109.      Nicholas retaliated against Tanja because she opposed Nicholas' sexual harassment in the workplace and reported it to Margo.

110.     Nicholas retaliated against Tanja by withholding her salary.

111.     Defendants' stated reasons for the actions taken against Tanja were pretextual.

112.     The remarks and conduct directed toward Tanja were done with malice or reckless indifference in violation of her rights. 775 ILCS 5/6/-101(A).

113.     Taylor Funeral Homes retaliated against Tanja because as a matter of law, it knew that Nicholas was retaliating against Tanja and failed to take reasonable corrective measures.

114.     Taylor Funeral Homes' retaliation against Tanja violated the IHRA.

115.     As the direct result of Taylor Funeral Homes' violation of the IHRA, Tanja suffered damages in the form lost wages.

**Count 11 – Against Nicholas**
**IHRA – Retaliation – Failure to Compensate**
**Illinois Human Rights Act**
**(775 ILCS 5/2-101 et. seq.)**

Paragraphs 1 through 28 are incorporated by reference.

116.     Tanja was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act 775 ILCS 5/2/-101.

117.     Taylor Funeral Home was Tanja's "employer" and Tanja was Taylor Funeral Home's "employee" within the meaning of the IHRA. 775 ILCS 5/2-201(A)(1), (B).

118.     Nicholas was Tanja's "employer" within the scope of the definition set forth under the Illinois Human Rights Act 775 ILCS 5/2-101(B)(1)(b)

119.    Pursuant to the IHRA, it is a civil rights violation for a person to retaliate against another person for opposing or reporting sexual harassment in the workplace. 775 ILCS 5/6-101(A).

120.    Tanja's opposition to and objection about the afore-said remarks, comments and conduct were protected activities within the meaning of the Illinois Human Rights Act.

121.    Nicholas retaliated against Tanja because she opposed Nicholas' sexual harassment in the workplace and reported it to Margo.

122.    Nicholas retaliated against Tanja by withholding her salary.

123.    Defendants' stated reasons for the actions taken against Tanja were pretextual.

124.    The remarks and conduct directed toward Tanja were done with malice or reckless indifference in violation of her rights pursuant to 775 ILCS 5/6/-101 (A).

125.    Nicholas' retaliation against Tanja violated the IHRA.

126.    As the direct result of Nicholas' violation of the IHRA, Tanja suffered damages in the form of lost wages.

Wherefore, plaintiff Tanja White requests the Court to enter judgment on her behalf against defendants Taylor Funeral Home, Ltd. and Nicholas Taylor, awarding her :

A.    A cease and desist order against defendants;

B.    Actual damages as reasonably determined by this Court for injury or loss suffered by plaintiff;

C.    Damages in the amount of the federal minimum hourly wage for all unpaid work;

D.    Liquidated damages for violation of the Fair Labor Standards Act;

E.    Damages in the amount of the Illinois minimum hourly wage for all unpaid work;

F.    Treble damages for defendants' violation of the Illinois Minimum Wage Law;

G.     Damages for all her unpaid salary;

H.     Interest at the rate of 5% per month from the dates due for all unpaid salary;

I.     Damages for pain and suffering, humiliation, and severe emotional distress;

J.     Such relief as may be necessary to make plaintiff whole, including but not limited to, awards of interest on plaintiff's actual damages and backpay from the time of defendants' violations;

K.     Her attorneys' fees; and

L.     The costs of this action.

## Jury Demand

Plaintiff Tanja White requests a trial by jury for all claims for which a jury trial is afforded.

*s/ Andrew H. Haber*
One of Plaintiffs' Attorneys

Dennis R. Favaro
dfavaro@favarogorman.com
Patrick J. Gorman
*pgorman@favarogorman.com*
Andrew H. Haber
*ahaber@favarogorman.com*
Patricia L. Jochum
*pjochum@favarogorman.com*
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014
(815) 477-1110

17